## THEO. HAMM BREWING CO. v. CHICAGO, R. I. & P. RY. CO.

(District Court, D. Minnesota, Third Division. December 9, 1913.)

COMMERCE (§ 14*) — REGULATION — INTERSTATE COMMERCE — LIQUORS FOR PERSONAL USE—STATUTES.

The Webb-Kenyon Law (Act March 1, 1913, c. 90, 37 Stat. 699), declaring unlawful the shipment of intoxicating liquor which is intended by any person interested therein to be received, possessed, sold, or in any manner used in violation of any law of the state into which it is shipped, does not prevent the transportation of such liquor from one state to another, where it is intended for the personal use of the consignee, though in violation of the law of his state, in that he has not acquired a permit required by the law of his state.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 30, 92; Dec. Dig. § 14.*]

Suit by the Theo. Hamm Brewing Company against the Chicago, Rock Island & Pacific Railway Company. Application by complainant for a temporary injunction restraining defendant railroad company from refusing to accept shipments of malt liquor into Iowa, intended for private consumption, and from putting into effect Circular No. 2–C, being a circular of the "Western Trunk Lines" and bearing number I. C. C. No. A–420, and in so far as the same forbids or relates to the shipment of malt liquors sold in Iowa and intended for personal use and private consumption, or their transportation from Minnesota into Iowa by defendant. Application granted on complainant filing a bond for $5,000.

Frederick W. Zollman, of St. Paul, Minn., for plaintiff.

Stringer & Seymour, of St. Paul, Minn., for defendant.

WILLARD, District Judge. The Webb-Kenyon Law declares unlawful the shipment of intoxicating liquor which "is intended by any person interested therein to be received, possessed, sold or in any manner used, either in the original package or otherwise, in violation of any law of such state" into which it is shipped. The beer which Moss, a resident of Iowa, ordered from the plaintiff, whose brewery is established at St. Paul, Minn., and which was to be shipped over the defendant's line of railroad, was not intended by either Moss or the railroad company to be received, possessed, sold, or used in violation of any law of Iowa. The law of Iowa does, however, prohibit the transportation by any common carrier of intoxicating liquors, unless the person to whom the liquor is consigned has a permit. But the Webb-Kenyon Law, while it says that the liquor must not be received, possessed, sold, or used in violation of law, does not say that it shall not be transported in violation of law. If it had been the intention of Congress to prohibit the procurement from points outside of the state by a citizen of Iowa of intoxicating liquors for his own personal use, it would have been very easy to have indicated that by prohibiting the transportation of all interstate shipments.

Assuming, as I do, that the law is valid, I hold that it does not apply to this case.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes